49TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. 2017CVA000689D1

| | | |
|---|---|---|
| **GERARDO RODRIGUEZ vs. CARLOS ELIAS,HUMBERTO PULIDO LARA** | § § § § | Location: **49th District Court** <br> Judicial Officer: **Lopez, Jose A.** <br> Filed on: **04/06/2017** |

---

### CASE INFORMATION

|  | |
|---|---|
| Case Type: | **Injury or Damage - Motor Vehicle** |
| Subtype: | **Motor Vehicle Accident** |

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2017CVA000689D1 |
| Court | 49th District Court |
| Date Assigned | 04/06/2017 |
| Judicial Officer | Lopez, Jose A. |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **RODRIGUEZ, GERARDO** | **VILLARREAL, JAVIER** <br> *Retained* <br> 9565444444 x9565500877(W) |
| **Defendant** | **ELIAS, CARLOS GAYTAN** | |
| | **PULIDO LARA, HUMBERTO RICARDO** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/06/2017 | Original Petition <br> *PLAINTIFF'S ORIGINAL PETITION REQUEST FOR ADMISSIONS,INTERROGATORIES AND REQUEST FOR PRODUCTION* | |
| 04/06/2017 | Civil Case Filed (OCA) | |
| 04/12/2017 | Notes-Miscellaneous <br> *NO ISSUANCE AT THIS TIME-DUE $4.00 FOR ISSUANCE* | |
| 04/12/2017 | Calendar Call <br> *CALENDAR CALL FAXED TO ATTORNEY* | |
| 04/12/2017 | Letter <br> *LETTER FROM VILLARREAL AND BEGUM IN RE: PAYMENT FOR ISSUANCE* | |
| 04/12/2017 | Citation-Issuance <br> *(2) CITATIONS ISSUED AS TO CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN. PLACED IN THE PRIVATE SERVER BASKET FOR SERVICE.* | |
| 04/12/2017 | **Citation** <br> ELIAS, CARLOS GAYTAN <br> Served: 04/13/2017 | |
| 04/12/2017 | Citation-Issuance <br> *(3) CITATIONS ISSUED AS TO HUMBERTO RICARDO PULIDO LARA BY SERVING THE* | |

49TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. 2017CVA000689D1

|  |  |  |
|---|---|---|
|  | *CHAIRPERSON OF THE TEXAS TRANSPORTATION COMMISSION C/O TRYON D. LEWIS. PLACED IN THE PRIVATE SERVER BASKET FOR SERVICE.* |  |
| 04/12/2017 | **Citation**<br>PULIDO LARA, HUMBERTO RICARDO<br>Served: 04/13/2017 |  |
| 04/24/2017 |  Citation Return-Executed<br>*CITATION RETURNED EXECUTED AS TO HUMBERTO RICARDO PULIDO LARA BY SERVING THE CHAIRPERSON OF THE TEXAS TRANSPORTATION COMMISSION BY CERTIFIED MAIL DOS 4/13/17* |  |
| 05/01/2017 | Citation Return-Executed<br>*CITATION RETURNED EXECUTED AS TO CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN BY SERVING ITS REGISTERED AGENT: ALFREDO ALARCDON SLAS BY CERTIFIED MAIL DOS 4/13/17* |  |
| 07/06/2017 | **Calendar Call** (1:30 PM) |  |

| DATE | FINANCIAL INFORMATION |  |
|---|---|---|
|  | **Attorney** VILLARREAL, JAVIER |  |
|  | Total Charges | 78.00 |
|  | Total Payments and Credits | 78.00 |
|  | **Balance Due as of 6/20/2017** | **0.00** |
|  | **Plaintiff** RODRIGUEZ, GERARDO |  |
|  | Total Charges | 292.00 |
|  | Total Payments and Credits | 292.00 |
|  | **Balance Due as of 6/20/2017** | **0.00** |

A true copy of the original I certify the 20th day of June, 20 17.

ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By _____ Deputy

*Printed on 06/20/2017 at 9:57 AM*

Filed
4/6/2017 5:33:04 PM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2017CVA000689D1

CAUSE NO. 2017CVA000689D1

| | | |
|---|---|---|
| **GERARDO RODRIGUEZ** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **49th JUDICIAL DISTRICT** |
| | § | |
| **CARLOS GAYTAN ELIAS D/B/A** | § | |
| **SUPER TRANSPORTES GAYTAN** | § | |
| **AND HUMBERTO RICARDO** | § | |
| **PULIDO LARA** | § | |
| **Defendants** | § | **WEBB COUNTY, TEXAS** |

---

## PLAINTIFF'S ORIGINAL PETITION
## REQUEST FOR DISCLOSURE, REQUESTS
## FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES PLAINTIFF, GERARDO RODRIGUEZ**, complaining of and about,

**CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN, AND HUMBERTO**

**RICARDO PULIDO LARA**, hereinafter called Defendants, and for cause of action shows

unto the Court the following:

### 1.
### DISCOVERY CONTROL PLAN LEVEL

1.1    Discovery shall be conducted under Level 3 pursuant to Rule 190.4 of the

Texas Rules of Civil Procedure.

### 2.
### DISCOVERY INCLUDED

2.1    This Petition includes Plaintiff's Requests for Disclosure, Interrogatories,

Requests for Admission, and Requests for Production.

*Plaintiff's Original Petition*
*Page 1*

## 3.
## PARTIES AND SERVICE

3.1     Plaintiff, Gerardo Rodriguez, an individual whose address is: 205 W. San Carlos Street Apt. 3, Laredo, Texas 78041, and brings this action individually.

3.3     Defendant, Carlos Gaytan Elias D/B/A Super Transportes Gaytan, is a Foreign Company stationed in Mexico and is organized under the laws of the State of Mexico.  Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Organizations Code, by serving the registered agent of the corporation, Alfredo Alarcon Slas, 801 Pellegrino, Laredo, Texas 78045, its registered office.  Service of said Defendant as described above can be effected by certified mail.

3.4     Defendant, Humberto Ricardo Pulido Lara, is an Individual who resides in Mexico, and may be served with process by serving the Chairperson of the Texas Transportation Commission, Tryon D. Lewis, at 125 E, 11th Street, Austin, Texas 78701, who can forward process to Juan Humberto Ricardo Pulido Lara at  the following address: 818 Rio Cordan, Nuevo Laredo, Tamaulipas, Mexico.

## 4.
## JURISDICTION AND VENUE

4.1     The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over Defendants, Humberto Ricardo Pulido Lara, and Carlos Gaytan Elias D/B/A Super Transportes Gaytan because said Defendants purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants. Furthermore, the assumption of jurisdiction over Humberto Ricardo Pulido Lara, and Carlos Gaytan Elias

D/B/A Super Transportes Gaytan will not offend traditional notions of fair play and is consistent with the constitutional requirements of due process.

4.2    Venue in Webb County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## 5.
## FACTUAL BACKGROUND

### The Incident

5.1    This lawsuit concerns an auto-pedestrian collision which occurred on April 10, 2015. The collision occurred between Plaintiff, Gerardo Rodriguez and  a 1998 International tractor trailer driven by the Defendant, Humberto Ricardo Pulido Lara under the authority and control of Defendants, Carlos Gaytan Elias D/B/A Super Transportes Gaytan.

5.2    The auto-pedestrian collision occurred on a Friday afternoon in a Uni-Trade Group parking lot located on 130 Flecha Lane, within the city limits of Laredo, Texas.

5.3    Immediately prior to and at the time of the incident, Plaintiff, Gerardo Rodriguez  was a pedestrian standing inside the Uni-Trade Group parking lot, wearing a traffic vest. At the same time, Defendant, Humberto Ricardo Pulido Lara was entering the same parking lot. The incident ensued when Humberto Ricardo Pulido Lara proceeded to enter the parking lot and collided into Plaintiff.

5.4    The following is a sketch excerpted from the official police report which was made by the police officer who investigated the collision, Officer Janice A. Bruce, Id No. 5967, of the Laredo Police Department:



<u>The Injuries</u>

5.5     Gerardo Rodriguez suffered physical and emotional injuries as a result of this collision. Mr.  Rodriguez was diagnosed with thoracic, lumbar, cervical and left ankle sprains/strains, multiple disc bulges and herniations to his lower back and neck. Mr. Rodriguez has undergone extensive physical therapy, daily medication and multiple injections to control the pain caused by the injuries sustained in this vehicular collision. In all probability Mr. Rodriguez will continue to incur medical expenses in the future to alleviate his pain. Mr. Rodriguez was healthy prior to this collision.

<u>The Employment Relationship Between the Defendants and
The Resulting Vicarious Liability</u>

5.6     At the time of the collision which is the subject of this cause of action, and at all other relevant times, Humberto Ricardo Pulido Lara was an employee of Defendant, Carlos Gaytan Elias D/B/A Super Transportes Gaytan, who was acting within the course and scope of his employment. In this regard, Humberto Ricardo Pulido Lara was an employee insofar as the master-servant relationship under common law is concerned.

5.7     At all relevant times herein, Defendant, Carlos Gaytan Elias D/B/A Super Transportes Gaytan had exclusive control over the vehicle which Humberto Ricardo Pulido

Lara was operating, and as such, Defendant, Carlos Gaytan Elias D/B/A Super Transportes Gaytan is deemed to have assumed complete responsibility for the operation of the vehicle at all relevant times. Humberto Ricardo Pulido Lara was engaged in accomplishing a task for which he was employed.

5.8   Alternatively, Defendant, Carlos Gaytan Elias D/B/A Super Transportes Gaytan are vicariously liable with respect to all negligence of Humberto Ricardo Pulido Lara under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

## 6.
### – NEGLIGENCE AGAINST HUMBERTO RICARDO PULIDO LARA & RESPONDEAT SUPERIOR –

6.1   Defendant, Humberto Ricardo Pulido Lara had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

6.2   The negligent, careless and reckless disregard of duty of Defendant Humberto Ricardo Pulido Lara consisted of, but is not limited to, the following acts and omissions:

> 6.2.1   In that Defendant, Humberto Ricardo Pulido Lara was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;
>
> 6.2.2   In failing to yield the right of way to Plaintiff as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances in violation of §545.155 of the Texas Transportation Code;

6.2.3  In that Defendant, Ismael Garza failed to control his speed as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances in violation of §545.351 of the Texas Transportation Code;

6.2.4  In failing to keep a proper lookout for Plaintiff's safety as would have been maintained by a person of ordinary prudence under the same or similar circumstances;

6.2.5  In placing Plaintiff in a position of peril due to Defendant, Humberto Ricardo Pulido Lara's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity § 545.401 of the Texas Transportation Code;

6.2.6  In failing to exercise reasonable care to protect the safety of others who are using the roadways;

6.2.7  In failing to take evasive action to avoid colliding with Plaintiff's vehicle; and/or

6.2.8  In failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiff of the impending collision.

6.3     Plaintiff's injuries were proximately caused by Defendant, Humberto Ricardo Pulido Lara's negligent, careless and reckless disregard of said duty.

6.4     Plaintiff invokes the doctrine of *Respondeat Superior* against Defendants, Carlos Gaytan Elias D/B/A Super Transportes Gaytan and/or Webb County for the negligent act of its employee, Humberto Ricardo Pulido Lara.

**7.**
**─NEGLIGENCE OF CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN ─**

7.1     On April 10, 2015, Defendant, Carlos Gaytan Elias D/B/A Super Transportes Gaytan was the owner of the motor vehicle operated by Humberto Ricardo Pulido Lara. Defendant, Carlos Gaytan Elias D/B/A Super Transportes Gaytan  negligently entrusted

the vehicle to Humberto Ricardo Pulido Lara, a reckless and incompetent driver. Defendant knew, or through the exercise of reasonable care should have known, that Humberto Ricardo Pulido Lara was a reckless and incompetent driver.

7.2 Furthermore, and alternatively, Defendants, Carlos Gaytan Elias D/B/A Super Transportes Gaytan owed Plaintiff a duty to hire, supervise, train and retain competent employees. Defendant breached that duty by negligently training, supervising, hiring and retaining Defendant, Humberto Ricardo Pulido Lara, consisting of, but not limited to the following:

> 7.2.1 In failing to exercise ordinary care in implementing adequate training procedures for drivers;
>
> 7.2.2 In failing to exercise ordinary care in implementing adequate continued education for all drivers;
>
> 7.2.3 In failing to exercise ordinary care in implementing adequate supervision procedures;
>
> 7.2.4 In failing to adequately screen Humberto Ricardo Pulido Lara's driving record prior to hiring him; and/or
>
> 7.2.5 In failing to exercise ordinary care in determining whether Humberto Ricardo Pulido Lara was competent enough to be hired.

7.3 Each of the aforementioned negligent acts or omissions of the Defendant constituted a proximate cause of the collision resulting in damages and injuries to the Plaintiff.

**8.**
**DAMAGES FOR PLAINTIFF, GERARDO RODRIGUEZ**

8.1 As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Gerardo Rodriguez was caused to suffer bodily injuries, and to incur the following damages:

8.1.1 Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Gerardo Rodriguez for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Webb County, Texas;

8.1.2 Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

8.1.3 Physical pain and suffering in the past and in the future;

8.1.4 Physical impairment in the past and which, in all reasonable probability, will be suffered in the future;

8.1.5 Loss of earning capacity in the past and which will, in all probability, be incurred in the future; and

8.1.6 Mental anguish in the past and in the future.

## 9.
### REQUEST FOR DISCLOSURES TO DEFENDANTS

9.1   Pursuant to Rule 194, you are requested to disclose, within 50 days after service of this request, the information or material described in Rule 194.2(a)-(l) at the address of the attorney for Plaintiff.

## 10.
### REQUEST FOR INTERROGATORIES AND PRODUCTION TO DEFENDANT
### HUMBERTO RICARDO PULIDO LARA

10.1   Plaintiff propounds the following Interrogatories pursuant to Rule 197 and Request for Production pursuant to Rule 196 of the Texas Rules of Civil Procedure. You are instructed to answer the following Interrogatories separately, fully, and under oath if required by Rule 197.2 Answers are due to Plaintiff counsel's address within 50 days from service of these Interrogatories. Demand is made that you supplement your answers to these Interrogatories as required by Rule 193.5. You are further instructed to produce or

permit the undersigned attorney to inspect and copy or reproduce the requested items at the offices of Plaintiff's attorney. Responses are due within 50 days of service of these Requests for Production.  You are asked to supplement your responses as required under the Rules.

*Interrogatories*

10.1.1       Please state your full name, address, telephone number, date of birth, driver's license number and occupation.

10.1.2       Please state where you were employed on April 10, 2015 and whether you were acting within the course and scope of any employment, service or agency at the time of the collision, and describe the relationship of the persons involved.

10.1.3       Any insurance policy that may cover the accident (i.e. umbrella coverage/ homeowners insurance/ additional policies)?

10.1.4       Please provide a list of all vehicles presently insured by you and provide the name of the insurance company along with the policy numbers.

10.1.5       Please state where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

10.1.6       Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which the contention is based.

10.1.7       Describe in detail any conversations you had with the Plaintiff, any other party or witness to the accident.  Specifically, please detail to the best of your recollection what each person said.

10.1.8       Describe any physical injuries that you witnessed sustained by the Plaintiff or any other person involved in the accident.

10.1.9    Describe any physical injuries sustained by you as a result of the accident and the names of the medical providers that have treated you for these injuries.

10.1.10   Have you, your agents, investigators or attorneys or anyone acting on your behalf obtained a written or recorded statement of any kind, report or memorandum, whether recorded stenographically transcribed, oral or otherwise from any person. If so, please identify the individual from whom the statement was taken and the date the statement was taken. If so, then please also indicate your willingness to allow Plaintiff to inspect and copy or photocopy the same.

10.1.11   As to each motor vehicle accident you have been involved in and each traffic violation for which you have either: paid a fine or attended a school in lieu of a fine, give the following information: (a) Where it occurred (State, City, County, Court); (b) When it occurred (Month, Day, Year); © injuries claimed and when and where any claims or suits were filed; (d) Final disposition or current status of each traffic violation and accident.

10.1.13   What was the disposition of the citation you received? Did you enter a plea and pay a fine or did you pay a fine with deferred adjudication (i.e. did it go on your record)?

10.1.14   Was anyone transported to the hospital as a result of the accident? If so, how many people did you witness transported?

10.1.15   Can you please provide your cellular phone number at the time of the accident and provide the name of the service provider?

10.1.16   Were you distracted in any way prior to the collision in question?

10.1.17   Did you speak to the police officer at the scene of the accident? If your answer is "yes" please state what was said between you and the officer.

10.1.18   Describe any criminal record you may have, including the nature of the charge, date and place of arrest, and convictions, if any.

10.1.19    State in detail what intoxication beverages, if any, you had consumed and what drugs and medications, if any, you had taken during the 24 hour period immediately preceding the collision.

*Documents to be Produced*

10.1.20    A photocopy of Defendant's Driver's License.

10.1.21    A photocopy of all insurance coverage(s) and Declaration Page(s) for all of the Defendant's vehicles, including the one in question.

10.1.22    A photocopy of any excess or umbrella policies that could potentially cover the incident.

10.1.23    A copy of all photographs taken of Defendant's vehicle after the accident by the insurance company, any of its representatives or by the Defendant personally.

10.1.24    A copy of all repair estimates and/or repair invoices for Defendant's vehicle.

10.1.25    All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of **HUMBERTO RICARDO PULIDO LARA's** attorney, Defendant's insurance company and/or anyone acting on **HUMBERTO RICARDO PULIDO LARA's** behalf.

10.1.26    All <u>written</u> statements made by **HUMBERTO RICARDO PULIDO LARA**, in the possession, constructive possession, custody or control of **HUMBERTO RICARDO PULIDO LARA, HUMBERTO RICARDO PULIDO LARA's** attorney or anyone acting on **HUMBERTO RICARDO PULIDO LARA's** behalf.

10.1.27    All <u>oral statements</u> made by **HUMBERTO RICARDO PULIDO LARA**, which were either <u>recorded or taped</u> on any electronic device or recorder which are in the possession, constructive possession, custody or control of **HUMBERTO RICARDO PULIDO LARA, HUMBERTO RICARDO PULIDO LARA's** attorney, Defendant's insurance company and/or anyone acting on **HUMBERTO RICARDO PULIDO LARA's** behalf.

10.1.28   A curriculum vitae or resume for any and all consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

10.1.29   The curriculum vitae and reports prepared by any testifying experts in conjunction with the case.

10.1.30   Any and all drawings, maps, or sketches of the scene of the accident which has  made the basis of the suit.

10.1.31   A copy of any contract of employment that would govern relationship with any other party or bear on the issue of scope of employment.

10.1.32   A copy of any surveillance movies, photos, etc. of Plaintiff.

10.1.33   A list of the names and addresses of witnesses with knowledge of facts.

10.1.34   A copy of your cell phone bill for the month of April 2015.

## 11.
### REQUEST FOR ADMISSIONS TO HUMBERTO RICARDO PULIDO LARA

11.1   Plaintiff makes the following Requests for Admission pursuant to Rule 198 of the Texas Rules of Civil Procedure. Responses are due 50 days after service of these Requests, and should be made to the address of Plaintiff's attorney. You must specifically admit or deny each Request. A failure to specifically answer any Request, or an evasive answer to any Request, will be taken as an admission of truth of such Request.

11.1.1   Admit that **HUMBERTO RICARDO PULIDO LARA** was the driver of the 1998 International tractor trailer that was involved in the incident made the basis of the suit.

11.1.2   Admit that at the time of the collision made the basis of the suit you were acting within the course and scope of your employment.

11.1.3      Admit that **HUMBERTO RICARDO PULIDO LARA** did not maintain a proper lookout at the time of the incident made the basis of the suit.

11.1.4      Admit that **HUMBERTO RICARDO PULIDO LARA** failed yield the right of way to the pedestrian, thereby causing the accident made the basis of the suit.

11.1.5      Admit that **HUMBERTO RICARDO PULIDO LARA** failed to control his speed, thereby causing the accident made the basis of the suit.

11.1.6      Admit that **HUMBERTO RICARDO PULIDO LARA** was operating his vehicle at an unsafe speed at the time of the collision, thereby causing the accident made the basis of the suit.

11.1.7      Admit that **PLAINTIFF** were injured as a result direct and proximate result of **HUMBERTO RICARDO PULIDO LARA's** negligence.

11.1.8      Admit that **GERARDO RODRIGUEZ** has incurred reasonable and necessary medical expenses as a direct result of the incident which is the subject of the lawsuit.

11.1.9      Admit that **GERARDO RODRIGUEZ** will incur reasonable and necessary future expenses as a direct result of the incident which is the subject of the lawsuit.

11.1.10     Admit that **GERARDO RODRIGUEZ's** non-economic damages are as a direct result of the incident which is the subject of the lawsuit.

11.1.11     Admit that **GERARDO RODRIGUEZ** incurred damages as a direct result of the incident which is the subject of the lawsuit.

11.1.12     Admit that **GERARDO RODRIGUEZ** has incurred physical pain and suffering damages in the past, and will continue to incur physical pain and suffering damages in the future.

11.1.13     Admit that **GERARDO RODRIGUEZ** has incurred lost wages and loss of earning capacity in the past, and will continue to incur lost wages and loss of earning capacity in the future.

11.1.14    Admit that **GERARDO RODRIGUEZ** has suffered mental anguish in the past and in the future.

**12.**

**REQUEST FOR INTERROGATORIES AND PRODUCTION TO DEFENDANT CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN**

12.1    Plaintiff propounds the following Interrogatories pursuant to Rule 197 and Request for Production pursuant to Rule 196 of the Texas Rules of Civil Procedure. You are instructed to answer the following Interrogatories separately, fully, and under oath if required by Rule 197.2 Answers are due to Plaintiff counsel's address within 50 days from service of these Interrogatories. Demand is made that you supplement your answers to these Interrogatories as required by Rule 193.5. You are further instructed to produce or permit the undersigned attorney to inspect and copy or reproduce the requested items at the offices of Plaintiff's attorney. Responses are due within 50 days of service of these Requests for Production. You are asked to supplement your responses as required under the Rules.

*Interrogatories*

12.1.1    Please state the full name, address, telephone number, date of birth, driver's license number, and occupation of the person answering these interrogatories. If you are answering these interrogatories as the authorized representative of the **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN**, please state your full and correct title and position within the organizational structure of the **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN**

12.1.2    Please state the name(s) of the registered owner of the vehicle that **HUMBERTO RICARDO PULIDO LARA** was operating on April 10, 2015.

12.1.3    Please state the name of the person or company that employed **HUMBERTO RICARDO PULIDO LARA** to operate the vehicle on April 10, 2015 and  by whom he was being compensated; how he was being compensated (i.e. job; contract; by the hour) and how much.

12.1.4    Please explain whether **HUMBERTO RICARDO PULIDO LARA** was operating the vehicle with the Defendant's permission when this accident occurred and whether he was in the process of furthering the interests of the Defendant, just minutes before the accident happened.

12.1.5    Please state the address, telephone number, date of birth, driver's license number of **HUMBERTO RICARDO PULIDO LARA** and whether he is still employed by the Defendant.

12.1.6    What is the name of **HUMBERTO RICARDO PULIDO LARA's** direct supervisor?

12.1.7    Describe your understanding as to how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any contributing cause of the collision, including a statement of the facts or information upon which this contention is based.

12.1.8    Was the vehicle operated by **HUMBERTO RICARDO PULIDO LARA** on April 10, 2015 damaged in any way as a result of this incident? If so, please describe in detail the damages sustained by this vehicle and the estimated and/or actual cost of repairs.

12.1.9    What is the business purpose of the Defendant and how does is it relate to the vehicle operated by **HUMBERTO RICARDO PULIDO LARA** on April 10, 2015?

12.1.10   Other than the police report, does the Defendant have in its possession any written or oral statements made by the Plaintiff, **HUMBERTO RICARDO PULIDO LARA** or anyone having first hand knowledge of the events that are the subject of this lawsuit, including but not limited to: recorded statements; written statements; and/or post-accident report(s) submitted to insurance carrier or employer?

12.1.11    Are you aware of any conversations **HUMBERTO RICARDO PULIDO LARA** had with the Plaintiff or any other party or witness to this accident. Specify as best as possible what each person said.

12.1.12    State the name, address and telephone number of the person or company responsible for performing regular maintenance and/or repairs on the tractor-trailer operated by **HUMBERTO RICARDO PULIDO LARA** on April 10, 2015.

12.1.13    Describe in detail what injuries, if any, **HUMBERTO RICARDO PULIDO LARA** received in the collision. If he filed any worker's compensation claims for injuries allegedly suffered in the accident in question, describe his claimed injuries, give the name of the workers' compensation company involved in his claim, tell when and where he filed his claim and the name and address of the lawyer, if any, who is assisting **HUMBERTO RICARDO PULIDO LARA** in the claim.

12.1.14    Please explain in detail the application process by which you consider driver's for employment, including but not limited to, written information requested; record checks; references; drug tests; driving tests; written tests.

12.1.15    Please explain your policy regarding the frequency and method(s) of supervision of a driver such as **HUMBERTO RICARDO PULIDO LARA.**

12.1.16    Please list the names and/or types of employment manuals, policy manuals, safety manuals, training manuals and any other manuals given to **HUMBERTO RICARDO PULIDO LARA** during his employment with you.

12.1.17    As to each motor vehicle accident **HUMBERTO RICARDO PULIDO LARA** has been involved in and each traffic violation for which he has either paid a fine or attended a school in lieu of a fine for the last seven years, give the following information: a) Where it occurred (State, City, county, Court). b) When it occurred (Month, Day, Year). c) All injuries claimed and when and where any claims or suits were filed. d) Final disposition or current status of each traffic violation and accident.

12.1.18    Does the Defendant know whether **HUMBERTO RICARDO PULIDO LARA** had any felony convictions prior to April 10, 2015 (not exceeding 10 years from date of prison release). If so, please enumerate each conviction with its respective year and place/county/state of disposition.

12.1.19    Was a drug or alcohol test administered within 24-hours of the collision in question? If so, what was the result of each test? If one was not administered, please state the reason.

*Documents to Be Produced*

12.1.20    A copy of the **HUMBERTO RICARDO PULIDO LARA's** driver's license.

12.1.21    A copy of the written records of **HUMBERTO RICARDO PULIDO LARA's** personnel file, as required to be kept by **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN.**

12.1.22    A copy of the written record of **HUMBERTO RICARDO PULIDO LARA's** application for employment, as required to be kept by **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN.**

12.1.23    A copy of the written record of **HUMBERTO RICARDO PULIDO LARA's** past employers who were contacted prior to hiring and a copy of the response by each State agency involving investigations and inquiries, as required to be kept by **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN.**

12.1.24    A copy of the written record of **HUMBERTO RICARDO PULIDO LARA's** driver's road test issued to the driver, or a copy of the license or certificate which the motor carrier accepted as equivalent to the driver's road test, as required to be kept by **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN.**

12.1.25    A copy of the written record of each State agency response to **HUMBERTO RICARDO PULIDO LARA's** annual driver record inquiry, as required to be kept by **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN.**

12.1.26    A copy of the written record of **HUMBERTO RICARDO PULIDO LARA's** annual review as required to be kept by **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN.**

12.1.27    A copy of the written record of **HUMBERTO RICARDO PULIDO LARA's** violation of motor vehicle laws and ordinances, as required to be kept by **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN.**

12.1.28    A copy of **HUMBERTO RICARDO PULIDO LARA's** vehicle daily inspection reports of the vehicle he was driving on April 10, 2015, as required to be kept by **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN.**

12.1.29    A copy of the written record of **HUMBERTO RICARDO PULIDO LARA's** medical examiner's certificate to drive commercial motor vehicles, as required to be kept by **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN.**

12.1.30    A copy of the written record of any controlled substance or alcohol misuse by **HUMBERTO RICARDO PULIDO LARA,** as required to be kept by **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN.**

12.1.31    Any records or documentation (medical or non-medical) concerning **HUMBERTO RICARDO PULIDO LARA** that would indicate whether **HUMBERTO RICARDO PULIDO LARA** was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

12.1.32    Any records or documentation (medical or non-medical) concerning **HUMBERTO RICARDO PULIDO LARA** that would indicate that **HUMBERTO RICARDO PULIDO LARA** had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

12.1.33    Any records or documentation (medical or non-medical) that would indicate that **HUMBERTO RICARDO PULIDO LARA** was

a user of any illegal substance(s) within three (3) years preceding the collision in question.

12.1.34     Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by **HUMBERTO RICARDO PULIDO LARA** relating to her employment with your company for the period three (3) years prior to the day of the collision, which is the subject of this lawsuit, and up to the present day.

12.1.35     Please provide **HUMBERTO RICARDO PULIDO LARA's** training record.

12.1.36     Please provide all materials used by you to train **HUMBERTO RICARDO PULIDO LARA**, including, but not limited to, all manuals, videotapes, seminar materials and pamphlets.

12.1.37     Please provide all receipts signed by **HUMBERTO RICARDO PULIDO LARA** evidencing his receipt of the materials used to train him.

12.1.38     Please provide all books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

12.1.39     Please provide all receipts signed by **HUMBERTO RICARDO PULIDO LARA** evidencing her receipt of books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

12.1.40     Please provide all materials, letters, manuals, and/or memorandums describing the company's policy regarding the supervision and retention of its employees, including but not limited to any grading system used to keep track of employee performance (i.e: ride-along; points systems; shadowing driver; following driver; complaint telephone numbers).

12.1.41     Please provide any documentation concerning **HUMBERTO RICARDO PULIDO LARA** involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

12.1.42    Please provide any cell phone bills that would show whether or not **HUMBERTO RICARDO PULIDO LARA** was using a cell phone on April 10, 2015. This request includes, but is not limited to, cell phone bills for the day of the wreck.

12.1.43    Please provide any and all documents related to **HUMBERTO RICARDO PULIDO LARA's** employment as a driver, including but not limited to log books, trip sheets, fuel receipts, work orders, bills of lading, com. card receipts, expense records and any other documents that would show **HUMBERTO RICARDO PULIDO LARA's** trip movements for April 10, 2015 and ten (10) days prior.

12.1.45    Please provide a copy of the title and registration of the vehicle driven by **HUMBERTO RICARDO PULIDO LARA** that is the subject of this lawsuit.

12.1.46    Please provide documentation evidencing **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN's** ownership of the vehicle operated by **HUMBERTO RICARDO PULIDO LARA** on April 10, 2015, which is the subject of this lawsuit.

12.1.47    A copy of the Inspection, Repair and Maintenance of the vehicle driven by **HUMBERTO RICARDO PULIDO LARA** on April 10, 2015.

12.1.48    All citations or warnings issued by any governmental agency dating one year prior to April 10, 2015, for the vehicle driven by **HUMBERTO RICARDO PULIDO LARA** which is the subject of this lawsuit, regardless of whether **HUMBERTO RICARDO PULIDO LARA** was driving the vehicle when the citation or warning was issued.

12.1.49    Please provide all documents and tangible things that comprise, reflect, or relate in any way to any repairs or maintenance made at any time on the vehicle which **HUMBERTO RICARDO PULIDO LARA** was driving for the period of three (3) years prior to the date of accident, April 10, 2015, and up to the present day; including but not limited to maintenance log book(s) and repair log book(s).

12.1.50    All repair orders, repair receipts, and repair estimates for the vehicle driven by **HUMBERTO RICARDO PULIDO LARA** for

the period of three (3) years prior to the date of accident, April 10, 2015, and up to the present day.

12.1.51      All documents which refer or relate to the property damage, including estimates or appraisals and photographs, of the motor vehicles involved in the collision made the basis of this lawsuit.

12.1.52      Any and all photographs or videos in your possession which depict any and all of the motor vehicles involved in the collision which is the subject of this lawsuit, including, but not limited to the vehicle driven by the Plaintiff and those of the motor vehicle which was driven by **HUMBERTO RICARDO PULIDO LARA** (pre-collision photographs and post-collision photographs). Please supply 8" x 10" photographs.

12.1.53      Copies of any and all statements in Defendant's possession of any person having knowledge of relevant facts concerning the subject matter of this lawsuit, including any written statement and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by any person with relevant facts hereto and contemporaneously recorded.

12.1.54      Please provide all documents which constitute any and all communication or correspondence between **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN** and your liability insurance carrier or its employees (including, but not limited to, any and all correspondence between you and your liability insurance carrier which you sent or received) between April 10, 2015 and the day on which you or your liability insurance carrier were notified that Plaintiff was represented by legal counsel.

12.1.55      Please provide all investigation notes, reports, and correspondence which refer to any aspect of the April 10, 2015 collision made the basis of this claim before notice of this suit was received.

12.1.56      Please provide all letters, memorandums, and other written correspondence which was sent by **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN** to any and all employees, agents or representatives of your liability insurance carrier or which was received by you from any and all employees, agents, or representatives of your liability insurance

carrier and which are not privileged under the Texas Rules of Civil Procedure.

12.1.57   Please provide all taped or audio recordings made of conversations or conferences (telephonic or face-to-face) between **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN** and any and all employees, agents or representatives of your liability insurance carrier, same which your company has a superior right to obtain from your liability insurance carrier, and same which are not privileged under the Texas Rules of Civil Procedure.

12.1.58   Please provide all photographs of the scene of the collision in your possession.

12.1.59   Please provide all records or documents which you have provided or produced to any state or federal agency pertaining to the April 10, 2015 collision made the basis of this lawsuit.

12.1.60   Please provide a copy of the insurance coverage and/or Declaration Page for the Defendant's vehicle in question.

12.1.61   Please provide a copy of any excess or umbrella policies that could potentially cover this incident.

12.1.62   In the event that the vehicle in questions was not properly insured at the time of the accident in question, please provide financial statements for the last three (3) years of the person or company that owns this vehicle, specifically their "net worth."

12.1.63   Please provide all discoverable correspondence and other documents sent to any testifying expert.

12.1.64   Please provide all discoverable correspondence and other documents received from any testifying expert.

12.1.65   Please provide a time and place for the inspection of the vehicle which is the subject of this lawsuit.

**13.**

**REQUEST FOR ADMISSIONS TO CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN**

13.1    Plaintiff makes the following Requests for Admission pursuant to Rule 198 of

the Texas Rules of Civil Procedure. Responses are due 50 days after service of these

Requests, and should be made to the address of Plaintiff's attorney. You must specifically

admit or deny each Request. A failure to specifically answer any Request, or an evasive

answer to any Request, will be taken as an admission of truth of such Request.

13.1.1    Please Admit or Deny that the 1998 International tractor trailer operated by Humberto Ricardo Pulido Lara, on April 10, 2015, was owned by **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN.**

13.1.2    Please Admit or Deny that Humberto Ricardo Pulido Lara, was employed by the **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN** on or about April 10, 2015.

13.1.3    Please Admit or Deny that Humberto Ricardo Pulido Lara, was acting within the scope of his employment on April 10, 2015, when this alleged incident which is the basis of this lawsuit occurred.

13.1.4    Please Admit or Deny that at the time of the occurrence of the act in question and immediately prior thereto, Humberto Ricardo Pulido Lara was engaged in the furtherance of Defendant, the **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN** 's business.

13.1.5    Please Admit or Deny that at the time of the occurrence of the act in question and immediately prior thereto Defendant, the **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN** entrusted the vehicle to Humberto Ricardo Pulido Lara.

13.1.6    Please Admit or Deny that at the time of the occurrence of the act in question and immediately prior thereto Defendant, the **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES**

**GAYTAN** entrusted the vehicle to Humberto Ricardo Pulido Lara, a reckless and incompetent driver.

13.1.7     Please Admit or Deny that at the time of the occurrence of the act in question and immediately prior thereto Defendant the **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN** knew, or through the exercise of reasonable care should have known, that Humberto Ricardo Pulido Lara was a reckless and incompetent driver.

13.1.8     Please Admit or Deny that at the time of the occurrence of the act in question and immediately prior thereto Defendant the **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN** failed to use ordinary care in the hiring of competent employees, and in the supervision, training or retention of their employees.

13.1.9     Please Admit or Deny that Humberto Ricardo Pulido Lara failed to control his speed, thereby causing the accident made the basis of the suit.

13.1.10     Please Admit or Deny that Humberto Ricardo Pulido Lara was operating his vehicle at an unsafe speed at the time of the collision, thereby causing the accident made the basis of the suit.

13.1.11     Please Admit or Deny that Humberto Ricardo Pulido Lara failed yield the right of way to pedestrian, thereby causing the accident made the basis of the suit.

13.1.12     Please Admit or Deny that Humberto Ricardo Pulido Lara failed to keep a proper lookout at the time of the incident made the basis of this suit and caused the accident.

13.1.13     Please Admit or Deny that Humberto Ricardo Pulido Lara failed to operate the vehicle in a reasonably prudent or responsible manner at the time of the incident made the basis of this suit and was solely responsible for causing this accident.

13.1.14     Please Admit or Deny Humberto Ricardo Pulido Lara, injured **PLAINTIFF** on April 10, 2015, with a vehicle owned by the **CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN**.

13.1.15    Please Admit or Deny that **PLAINTIFF** have incurred reasonable and necessary medical expenses as a direct result of the incident which is the subject of this lawsuit.

13.1.16    Please Admit or Deny that **GERARDO RODRIGUEZ** will incur reasonable and necessary future expenses as a direct result of the incident which is the subject of this lawsuit.

13.1.17    Please Admit or Deny that **GERARDO RODRIGUEZ** incurred damages as a direct result of the incident which is the subject of this lawsuit.

13.1.18    Please Admit or Deny that **GERARDO RODRIGUEZ** has incurred physical pain and suffering damages in the past, and will continue to incur physical pain and suffering damages in the future.

13.1.19    Please Admit or Deny that **GERARDO RODRIGUEZ** has incurred lost wages and loss of earning capacity in the past, and will continue to incur lost wages and loss of earning capacity in the future.

13.1.20    Please Admit or Deny that **GERARDO RODRIGUEZ** has suffered mental anguish in the past and in the future.

### 14.
### MAXIMUM AMOUNT CLAIMED

14.1   Plaintiff seeks damages within the jurisdictional limits of this court. Pursuant to pleading requirements under Texas Rules of Civil Procedure 47, Plaintiff affirmatively pleads that he seek monetary relief over $200,000.00 but no more than $1,000,000.00.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Gerardo Rodriguez respectfully

pray that the Defendants be cited to appear and answer herein, and that upon a final

hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and

severally, for damages in an amount within the jurisdictional limits of the Court; together with

pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the

legal rate, costs of court; and such other and further relief to which the Plaintiff may be

entitled at law or in equity.

Respectfully submitted,

**LAW OFFICES OF JAVIER VILLARREAL, PLLC**
2401 Wild Flower Dr., Suite A
Brownsville, Texas 78526
Tel. (956) 544-4444
Fax. (956) 550-0877

By: */s / Javier Villarreal*

Javier Villarreal
Texas Bar No. 24028097

Daniel Torres
State Bar No. 24046985

**COUNSEL FOR PLAINTIFF**

**PLAINTIFF HEREBY DEMAND TRIAL BY JURY**

## COURTESY NOTICE TO DEFENDANT

If you had insurance at the time of the accident, please forward a copy of this

petition to your insurance company *immediately*.

Adjuster: Joan Higley
American Claims Management
P.O. Box 9060
Carlsbad, CA 92011

Re. Claim No. 2-33729
Insured: Carlos Gaytan Elias
Driver: Humberto Ricardo Pulido Lara
Claimant: Gerardo Rodriguez
Date of Loss: April 10, 2015

Tel: (760) 827-4816

A True copy of the original. I certify
the ____10th____ day of __June__  20_17_
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law  Webb County  Texas
By _____ Deputy

Filed
4/12/2017 10:25:03 AM
Esther Degollado
District Clerk
Webb District
Michelle Garza
2017CVA000689D1



# VILLARREAL & BEGUM
## LAW GROUP

JAVIER VILLARREAL
jv@jvlawfirm.com

DANIEL TORRES
daniel@jvlawfirm.com

2401 WILD FLOWER DRIVE, SUITE A
BROWNSVILLE, TEXAS 78526
TELEPHONE 956•544•4444
FAX 956•550•0877

Laura Bustamante, Legal Assistant
laura@jvlawfirm.com

April 12, 2017

Esther Degollado                                    *Via Electronic Service*
**Attn: Esmeralda**
Office of the District Clerk, Webb County, Texas
1110 Victoria Street, Suite 203
Laredo, Texas 78040

     Re:    Cause No. 2017CVA000689 D1; *Gerardo Rodriguez v. Carlos Gaytan Elias D/B/A*
          *Super Transportes Gaytan and Humbert Ricardo Pulido Lara;*
          In the 49th Judicial District Court; Webb County, Texas

Dear Ms. Degollado:

    Please be advised that citation be and is hereby requested to be issued to Defendant Humberto Ricardo Pulido Lara.  Defendant Pulido Lara may be served by and through the Texas Transportation Commission at the address listed in Plaintiff's original petition.

    Once the citation is prepared, our process server will then collect the citation and serve it accordingly.

    Should you have any questions or concerns, please do not hesitate to contact me.

                      Cordially yours,

                      VILLARREAL & BEGUM, PLLC

                      Laura Bustamante
                      *Paralegal*

/lb
Encl.

A True copy of the original I certify.
the 20th day of June 20 17
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County Texas
By Manuel Garza Deputy

**RETURN**

2017CVA000689D1

## CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN BY SERING OTS REGISTERED AGENT: ALFREDO ALARCON SLAS
     801 PELLEGRINO
     LAREDO TX  78045

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49th District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Original Petition Request for Disclosure, Requests for Admissions, Interrogatories, and Requests for Production of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVA000689D1 , styled:

GERARDO RODRIGUEZ, PLAINTIFF
VS.
CARLOS GAYTAN ELIAS, D/B/A SUPER TRANSPORTES GAYTAN AND HUMBERTO RICARDO PULIDO LARA, DEFENDANTS

Said Plaintiff's Original Petition Request for Disclosure, Requests for Admissions, Interrogatories, and Requests for Production was filed on 04/06/2017 in said court by:
     JAVIER VILLARREAL, ATTORNEY FOR PLAINTIFF
     2401 WILDFLOWER DRIVE SUITE A
     BROWNSVILLE TX  78526

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 12th day of April, 2017.

C L E R K   O F   C O U R T

| THIS CASE IS SET FOR CALENDAR CALL ON | ESTHER DEGOLLADO |
|---|---|
| | WEBB COUNTY DISTRICT CLERK |
| **JULY 6, 2017 AT 1:30 P.M.** | P.O. BOX 667 |
| | LAREDO, TX 78042 |
| | BY: _____ |
| | CYNTHIA M. GARZA |

## AFFIDAVIT OF SERVICE

CAUSE NO. 2017 CVA000689 D1

**STATE OF TEXAS**
**COUNTY OF WEBB**

#### AFFIDAVIT

BEFORE ME, a Notary Public in and for the State of Texas, came and appeared the undersigned, of legal age, who by me, being first duly sworn, under oath hereby deposes and says.

"My name is Josefina Soliz, and my place of business is at 408 Toro Loop, Laredo, Texas 78045. I am a duly authorized process server under rule 103 of the Texas Rule of Civil Procedure". The foregoing instrument:

CAME TO HAND on the 12 day of _April_ , 20 17, at 4:05 o'clock P.M.

"IT WAS EXECUTED at USPS Laredo Veteran's Laredo, Tx 78040 Within the County of Webb, at 11:30 o'clock A.M. on the 13 day of April 20 17 by delivering to the within named Carlos Gaytan Elias D/B/A Super Transportes c/o Alfredo Alarcon Slas via Certified Mail Restricted Delivery Article #7010-1060-0001-9024-9833 in person, accompanying a true copy of Citation and Original Petition Request for Disclosure, Requests for Admissions Interroga- tories, and Requests for Productions.

**FURTHER AFFIANT SAYETH NOT**

_Josefina Soliz_
Josefina Soliz, Civil Process Server # SCH1158
Expires on 9/30/17

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this 1st day of May , 20 17.

_Anna Ruiz_
**NOTARY PUBLIC, STATE OF TEXAS**

IRMA RUIZ
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES 04-27-2020
ID # 10469904

A True copy of the original. I certify the 20th day of June 20 17
ESTHER DEGOLLADO
Clerk of the District Courts and County Court at Law Webb County Texas
By _____ Deputy

## USPS Tracking® Results

FAQs    (http://faq.usps.com/?articleId=220900)

Track Another Package +

Remove

Tracking Number: 70101060000190249833

▶         ▶         ❘     Delivered

### Product & Tracking Information

See Available Actions

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail Restricted Delivery
Return Receipt

See tracking for related item: 9590940302785155202121
(/go/TrackConfirmAction?tLabels=9590940302785155202121)

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| April 26, 2017, 12:23 pm | Delivered, Individual Picked Up at Postal Facility | LAREDO, TX 78045 |
| | ... April 26, 2017 in LAREDO, TX 78045. | |
| | ...eft (No Authorized Recipient ...e) | LAREDO, TX 78045 |
| | d USPS Facility | SAN ANTONIO, TX 78284 |
| | at USPS Facility | SAN ANTONIO, TX 78284 |

See More

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

LAREDO, TX 78045

| Postage | $ | 0040 |
|---|---|---|
| | $2.75 | 15 |
| Certified Fee | $0.00 | |
| Return Receipt Fee (Endorsement Required) | $3.30 | Postmark Here |
| | $0.00 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $3.03 | 04/13/2017 |

APR 13 2017   USPS

*Sent To* Carlos Gaytan Elias D/B/A Super
*Street, Apt. No; or PO Box No.* Transportes Gaytan c/o Alfredo Alarcon
801 Pellegrino
*City, State, ZIP+4* Laredo, Tx 78045

PS Form 3800, August 2006          See Reverse for Instructions

---

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X *Juan m Vill*        ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Juan M Villanueva

1. Article Addressed to:
Carlos Gaytan Elias D/B/A
Super Transportes Gaytan
C/O Alfredo Alarconslas
801 Pellegrino
Laredo, TX 78045

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

|||||| 9590 9403 0278 5155 2021 21

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...d Mail
☐ ...d Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7010 1060 0001 9024 9833

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**RETURN**

2017CVA000689D1

## CITATION

THE STATE OF TEXAS

COUNTY OF WEBB

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  HUMBERTO RICARDO PULIDO LARA BY SERVING THE CHAIRPERSON OF
    818 RIO CORDAN      THE TEXAS TRANSPORTATION COMMISSION
    NUEVO LAREDO MM  00000    C/O TRYON D. LEWIS
                            125 E. 11TH STREET
                            AUSTIN, TX  78701

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49th District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Original Petition Request for Disclosure, Requests for Admissions, Interrogatories, and Requests for Producion of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVA000689D1 , styled:
        GERARDO RODRIGUEZ, PLAINTIFF
               VS.
  CARLOS GAYTAN ELIAS D/B/A SUPER TRANSPORTES GAYTAN; HUMBERTO
       RICARDO PULIDO LARA, DEFENDANTS
Said Plaintiff's Original Petition Request for Disclosure, Requests for Admissions, Interrogatories and Requests for Production was filed on 04/06/2017 in said court by:
    JAVIER VILLARREAL, ATTORNEY FOR PLAINTIFF
    2401 WILDFLOWER DRIVE SUITE A
    BROWNSVILLE TX  78526

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 12th day of April, 2017.

           C  L  E  R  K   O  F   C  O  U  R  T

| | |
|---|---|
| **CASE IS SET FOR CALENDAR CALL ON**<br><br>JULY 6, 2017 AT 1:30 P.M. | ESTHER DEGOLLADO<br>WEBB COUNTY DISTRICT CLERK<br>P.O. BOX 667<br>LAREDO, TX 78042<br><br>BY: _____<br>CYNTHIA M. GARZA |

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Josefina Soliz
408 Toro Loop
Laredo, TX
78045

20MCUA000689 D1

USPS TRACKING#

9590 9403 0278 5155 2020 53

# USPS Tracking® Results

FAQs    (http://faq.usps.com/?articleId=220900)

**Track Another Package  +**

Remove

**Tracking Number:** 70101060000190249864

▶        ▶        ▶    Delivered

**Updated Delivery Day:** Monday, April 17, 2017
## Product & Tracking Information

**See Available Actions**

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail Restricted Delivery
Return Receipt

**See tracking for related item: 9590940302785155202053**
(/go/TrackConfirmAction?tLabels=9590940302785155202053)

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **April 17, 2017, 7:01 am** | **Delivered** | **AUSTIN, TX 78714** |
| | ▲ | |
| Your item was delivered at 7:01 am on April 17, 2017 in AUSTIN, TX 78714. | | |
| April 16, 2017, 6:01 am | Available for Pickup | AUSTIN, TX 78714 |
| April 16, 2017, 3:32 am | Arrived at Hub | AUSTIN, TX 78714 |
| April 15, 2017, 3:09 pm | In Transit to Destination | |

**See More**

## Available Actions

**Text Updates**

**Email Updates**

**See Less**

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

FAQs (http://faq.usps.com/?articleId=220900)



**U.S. Postal Service** ™
**CERTIFIED MAIL** ™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com ®

AUSTIN, TX 7870?

| | | 0040 |
|---|---|---|
| Postage | $2.75 | 15 |
| Certified Fee | $0.00 | |
| Return Receipt Fee (Endorsement Required) | $3.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $14.?? | |

APR 03 2017

04/13/2017
Texas
USPS   Transportatio

Sent To *Tyron D. Lewis Chairman Commission*
Street, Apt. No.; or PO Box No. *125 E. 11th Street*
City, State, ZIP+4 *Austin, Texas 78701-2783*

PS Form 3800, August 2006                    See Reverse for Instructions

7010 1060 0001 9024 9864

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Randall To_   ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>Randall Tod   APR 1  2017 |
| 1. Article Addressed to:<br><br>Tyron D. Lewis Chairman<br>Texas Transportation<br>Comission<br>125 E. 11th Street<br>Austin, TX 78701-2783 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:   ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9403 0278 5155 2020 53 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☒ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7010 1060 0001 9024 9864 | |
| PS Form 3811, April 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

## AFFIDAVIT OF SERVICE

CAUSE NO. 2017CVA000689D1

**STATE OF TEXAS**
**COUNTY OF WEBB**

### AFFIDAVIT

BEFORE ME, a Notary Public in and for the State of Texas, came and appeared the undersigned, of legal age, who by me, being first duly sworn, under oath hereby deposes and says.

"My name is Josefina Soliz, and my place of business is at 408 Toro Loop, Laredo, Texas 78045. I am a duly authorized process server under rule 103 of the Texas Rule of Civil Procedure". The foregoing instrument:

CAME TO HAND on the _12_ day of _April_, 20_17_, at _4:05_ o'clock _P_.M.

"IT WAS EXECUTED at _USPS Laredo Veteran's Laredo, Tx 78040_ Within the County of Webb, at _11:30_ o'clock _A_.M. on the _13_ day of _April_ 20_17_ by delivering to the within named _Texas Transportation Comission C/O Tyron D. Lewis via Certified mal Restricted Delivery Article # 7010-1060-0001-9024-9864_ in person, accompanying a true copy of _Citation and Original Petition Request for Disclosure, Requests for Admissions Interrogatories, and Request for Production_

FURTHER AFFIANT SAYENTH NOT

_Josefina Soliz_
Josefina Soliz, Civil Process Server # SCH1158
Expires on 9/30/17

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this _24th_ day of _April_, 20_17_.

_Uma Ruiz_
**NOTARY PUBLIC, STATE OF TEXAS**

IRMA RUIZ
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES 04-27-2020
ID # 10469904

A True copy of the original I certify.
the _20th_ day of _June_, 20_17_
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County Texas
By _Mariyel Gonza_ Deputy